It has long been the law in North Carolina that you take your claimant (or plaintiff) as you find him or her, and if the claimant has a thin skull and therefore suffers greater damages than the ordinary man or woman would when hit on the head by a tortfeasor, the tortfeasor is nevertheless liable for the resulting damages. This same principle has been applied in workers' compensation cases in North Carolina and, in the very recent case of Poole v. Copeland, Inc., the North Carolina Supreme Court applied the same principle to mental injuries.
The present case calls for application of that principle. While an ordinary person may not have been injured by the physical therapy applied to this patient, this patient was. Upon referral of Dr. Plummer, Plaintiff followed up with treatment with Dr. O'Rourke and Dr. Speight at Bowman Gray School of Medicine, each of whom diagnosed Plaintiff with chronic pain syndrome resulting from her compensable injury. These doctors are treated by the Deputy Commissioner and the majority of the reviewing panel as unauthorized treating physicians. In view of their superior understanding of the situation, I would authorize their treatment and their fees. Dr. Speight further testified that based on the history, clinical course and number of physicians and evaluations, Plaintiff was unlikely to return to any gainful employment, secondary to symptoms and overall inability to deal with her chronic illness.
On November 4, 1993, Plaintiff underwent a Functional Capacity Evaluation. It was indicated that Plaintiff had strong signs of Chronic Pain Syndrome and psychological overlay.
She was functioning at a low level that precluded any participation in a work hardening or reconditioning program. It was recommended that any form of passive physical treatment be discontinued.
Based upon this expert medical evidence, in my view the Deputy Commissioner and the majority of the reviewing panel erred in concluding that Plaintiff unjustifiably refused to return to work because plaintiff's physician testified that plaintiff was unable to return to gainful employment and could not return to employment with defendant hospital.
The Deputy Commissioner's, and majority of the review panel's, conclusion of law that Plaintiff's "unauthorized" medical providers agree Plaintiff was able to return to the cafeteria work offered is in error. Dr. Schmidt testified repeatedly that Plaintiff was unable to return to gainful employment, especially with Defendant Moses H. Cone Memorial Hospital.
My vote is to authorize the treatment provided by the "unauthorized" physicians, authorize payment of their fees, and to order that temporary total disability payments to Plaintiff continue until such time as she is rehabilitated and able to accept work. The greater weight of the competent evidence shows Plaintiff is unable to work at present.
This 19th day of May 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER